**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Jason A. Ibey, Esq. (SBN: 284607)
jason@kazlg.com
Nicholas R. Barthel, Esq. (SBN: 319105)
nicholas@kazlg.com
245 Fischer Avenue, Suite D1
Costa Mesa, California 92626
Telephone:  (800) 400-6808
Facsimile:   (800) 520-5523

[Additional Counsel on Signature Page]

*Attorneys for Plaintiff,*
Stephen Mitchell

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN MITCHELL, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>AVVO, INC.,<br><br>Defendant. | Case No: **'18CV2213 BEN BLM**<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR UNLAWFUL RECORDING OF CELLULAR COMMUNICATIONS UNDER CALIFORNIA PENAL CODE SECTION 632.7**<br><br>**JURY TRIAL DEMANDED** |

Case No.:                                                                                     *Mitchell v. Avvo, Inc.*
**CLASS ACTION COMPLAINT**

**INTRODUCTION**

1. Stephen Mitchell ("Plaintiff"), individually and on behalf of all others similarly situated persons in California, brings this action for damages and injunctive relief against Avvo, Inc. (hereinafter, referred to as "Defendant" or "Avvo"), and its present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, related entities for unauthorized recordings of conversations with Plaintiff and other persons without any notification or warning in violation of the California Invasion of Privacy Act, Cal. Pen. Code § 630, *et seq*. ("CIPA").

2. The California State Legislature passed CIPA in 1967 to protect the right of privacy of the people of California, replacing prior laws that permitted the recording of telephone conversations with the consent of one party to the conversation.

3. California Penal Code § 632.7 was added to CIPA in 1992 due to specific privacy concerns over the increased use of cellular and cordless telephones.

4. Section 632.7 prohibits intentionally recording all communications involving cellular and cordless telephones, not just confidential communications.

5. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on his personal knowledge.

6. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

7. All violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

8. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the named Defendant.

## PARTIES

9. Plaintiff is, and at all times mentioned herein was, an individual citizen and resident of the State of California, County of San Diego, in this judicial district.

10. Plaintiff is informed and believes, and thereon alleges, that Avvo is, and at all times mentioned herein was, a Washington corporation with its principal place of business in the state of Washington.

11. Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California, in the County of San Diego, within this judicial district. Defendant is, and at all times mentioned herein was, a "person", as defined by Cal. Pen. Code § 632(b).

## JURISDICTION AND VENUE

12. Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff, a citizen of California, seeks $5,000 in damages for each violation of the CIPA against Defendant, a citizen of Washington, which, when aggregated among a proposed class numbering in the several thousands, exceeds the $5,000,000 threshold for federal court jurisdiction. Therefore, the elements of the Class Action Fairness Act of 2005 ("CAFA") are met, and this Court has jurisdiction.

13. Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. §§ 1391(b) because Defendant, at all times herein mentioned, was doing business in the County of San Diego, State of California. Further, venue is proper in this district because Plaintiff has resided in this district at all times herein mentioned such that a substantial part of the events giving rise to the claim occurred in this district.

## FACTUAL ALLEGATIONS

14. On or about August 16, 2018, at approximately 10:54 AM, Avvo called Plaintiff's office line seeking to advertise Avvo's services. Plaintiff's assistant informed Defendant that Plaintiff was not in the office, and that Avvo could reach him on

his cellular telephone ending in "4620". Defendant called from the telephone number 206-775-8034.

15. Subsequently, when Plaintiff answered a telephone call on his cellular telephone, Avvo's representative who self-identified as "Chuck" began soliciting Plaintiff's business by offering products or services that Avvo could make available to Plaintiff.

16. This cellular telephone conversation lasting approximately four minutes.

17. At no time during this call to Plaintiff did Defendant's representative disclose that the call was being audio recorded.

18. Plaintiff did not consent to the call being recorded without his knowledge.

19. Upon good information and belief, Defendant records all of its telephone calls, including the call from Defendant to Plaintiff mentioned above.

20. Plaintiff was personally affected by Defendant's aforementioned conduct because upon subsequently learning information relating to Defendant's practice of secret call recording, Plaintiff was shocked and upset that Defendant audio recorded one or more cellular telephone conversations with Plaintiff without Plaintiff's knowledge or consent.

21. California Penal Code § 632.7(a) is very clear in its prohibition against such unauthorized tape recording without the consent of the other party to the conversation: "Every person who, without the consent of all parties to a communication, intercepts or receives and intentionally records, or assists in the interception or reception and intentional recordation of, a communication transmitted between two cellular radio telephones, a cellular radio telephone and a landline telephone, two cordless telephones, a cordless telephone and a landline telephone, or a cordless telephone and a cellular radio telephone [violates this section]". California Penal Code § 637.2 permits Plaintiff to bring this action for any violation of California Penal Code § 632.7(a) and provides for statutory damages of $5,000.00 for each violation.

22. Defendant, or its agents, audio recorded a cellular telephone conversation of Plaintiff in violation of California's statutory and common law against such unlawful intrusions into a person's private affairs, including the California Constitution's prohibition in Article 1, Section 1.

23. This suit seeks only damages and injunctive relief for recovery of economic injury and it expressly is not intended to request any recovery for personal injury and claims related thereto.

24. Plaintiff is informed and believes, and thereon alleges, that Defendant intentionally audio recorded a communication transmitted between a cellular telephone of Plaintiff and a landline telephone of Defendant without Plaintiff's consent as prohibited by California Penal Code § 632.7(a).

25. Defendant violated Plaintiff's constitutionally protected privacy rights by failing to advise or otherwise provide notice at the beginning of the recorded conversations with Plaintiff that the call would be recorded and Defendant did not try to obtain the Plaintiff's consent before such recording.

26. Defendant, and its employees and agents, surreptitiously recorded the call made by Defendant to Plaintiff. At no time before the call or at the outset of the call was Plaintiff warned, told, advised or otherwise given any indication by Defendant, its employees or agents, that the call would be recorded.

27. As a result thereof, Plaintiff has been damaged as set forth in the Prayer for Relief herein.

28. Plaintiff seeks statutory damages and injunctive relief under California Penal Code § 637.2.

### CLASS ACTION ALLEGATIONS

29. Plaintiff brings this lawsuit as a class action on behalf of himself and Class Members of the proposed Class pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) and/or (b)(2). This action satisfies the numerosity, commonality,

typicality, adequacy, predominance, and superiority requirements of those provisions.

30. Plaintiff proposes the following Class consisting of and defined as follow:

> All persons in California whose cellular telephone conversations were recorded without their consent by Defendant and/or its employees and/or it agent/s within the one year prior to the filing of the Complaint.

31. Excluded from the Class are: (1) Defendant, any entity or division in which Defendant has a controlling interest, and its legal representatives, officers, directors, assigns, and successors; (2) the judges to whom this case is assigned and the Judge's staff; and (3) those persons who have suffered personal injuries as a result of the facts alleged herein.

32. Plaintiff reserves the right to redefine the Class and to add subclasses as appropriate based on discovery and specific theories of liability

33. <u>Numerosity</u>: The Class members are so numerous that joinder of all members would be unfeasible and impractical. The membership of the entire Class is currently unknown to Plaintiff at this time; however, given that, on information and belief, Defendant called several thousands of persons in California and recorded those calls during the class period, the Class are so numerous that joinder of all members is impracticable. The disposition of their claims in a class action will provide substantial benefits to the parties and the Court.

34. <u>Commonality:</u> There are common questions of law and fact as to Class members that predominate over questions affecting only individual members, including, but not limited to:

- Whether, within the statutory period Defendant recorded any calls with the Class members;
- Whether Defendant had, and continues to have, a policy during the relevant period of audio recording telephone calls made to the Class members;

- Whether Defendant advises persons at the outset of its calls that the call is being or may be recorded;
- Whether Defendant's policy or practice of audio recording telephone communications with Class members without their knowledge or consent constitutes an invasion of privacy and a violation of Cal. Penal Code § 632.7;
- Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and
- Whether Defendant should be enjoined from engaging in such conduct in the future.

35. <u>Typicality</u> Plaintiff's conversation was unlawfully recorded without a warning of such recording, and thus, his injuries are also typical to Class members.

36. Plaintiff and Class Members were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally recorded the Plaintiff and Class members' cellular telephone conversations with Defendant, and Defendant invading the privacy of said Plaintiff and Class. Plaintiff and Class members were damaged thereby.

37. <u>Adequacy</u>: Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class member with whom he is similarly situated, as demonstrated herein. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. In addition, the proposed class counsel is experienced in handling claims involving consumer actions and violations of the California Penal Code, section 632.7. Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be, necessarily expended for the prosecution of this action for the substantial benefit of each Class Member.

38. <u>Predominance</u>: Questions of law or fact common to the Class members predominate over any questions affecting only individual members of the Class.

The elements of the legal claims brought by Plaintiff and Class members are capable of proof at trial through evidence that is common to the Class rather than individual to its members.

39. <u>Superiority</u>: A class action is a superior method for the fair and efficient adjudication of this controversy because:

   a. Class-wide damages are essential to induce Defendant to comply with California law.

   b. Because of the relatively small size of the individual Class members' claims, it is likely that only a few Class Members could afford to seek legal redress for Defendant's misconduct.

   c. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

   d. Absent a class action, most Class members would likely find the cost of litigating their claims prohibitively high and would therefore have no effective remedy at law.

   e. Class action treatment is manageable because it will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would endanger.

   f. Absent a class action, Class members will continue to incur damages, and Defendant's misconduct will continue without remedy.

40. Plaintiff and the Class members have all suffered and will continue to suffer harm and damages as a result of Defendant's unlawful and wrongful conduct. A class action is also superior to other available methods because as individual Class members have no way of discovering that Defendant secretly audio recorded their telephone conversations without Class members' knowledge or consent.

41. The Class may also be certified because:

- The prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudication with respect to individual Class members, which would establish incompatible standards of conduct for Defendant;
- The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class Members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and
- Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final and injunctive relief with respect to the members of the Class as a whole.

42. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of Class members and it expressly is not intended to request any recovery for personal injury and claims related thereto.

43. Plaintiff reserves the right to expand Class definitions to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

44. The joinder of Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court. The Class members can be identified through Defendant's records and/or through public records and public notice.

## CAUSE OF ACTION

### ILLEGAL RECORDING OF CELLULAR TELEPHONE CONVERSATIONS UNDER CALIFORNIA PENAL CODE § 632.7

45. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

46. At all relevant times hereto, Defendant had and followed a policy and practice of

using a telecommunications system that enabled it to surreptitiously record cellular telephone communications between Defendant and Plaintiff and Class members.

47. At all relevant times hereto, Defendant intentionally and surreptitiously recorded cellular telephone calls concerning confidential matters between Defendant and Plaintiff and Class Members.

48. At all relevant times hereto, Defendant had and followed a policy and practice of not advising or warning Plaintiff and Class members that their cellular telephone communications with Defendant would be recorded.

49. Defendant failed to obtain consent of Plaintiff and Class members prior to recording any of their cellular telephone conversations.

50. This conduct by Defendant violated section 632.7(a) of the California Penal Code.

51. Plaintiff and Class members are entitled to recovery actual and statutory damages in the amount of $5,000.00 per violation of Cal. Pen. Code § 632.7.

52. Plaintiff's counsel is also entitled to attorneys' fees and costs pursuant to Cal. Code Civ. Proc. § 1021.5.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Class Members pray that judgment be entered against Defendant as follows:

- Certify the Class as requested herein;
- Appoint Plaintiff to serve as the Class Representative for the Class;
- Appoint Plaintiff's attorneys as Class Counsel in this matter for the Class.

///
///
///
///
///
///

In addition, Plaintiff and the Class Members pray for further judgment as follows against Defendant:

**ILLEGAL TELEPHONE RECORDING OF CELLULAR TELEPHONE CONVERSATIONS UNDER CALIFORNIA PENAL CODE § 632.7**

- Injunctive relief to prevent the further occurrence of such illegal acts pursuant to California Penal Code § 637.2(b);
- Special, general, and compensatory damages;
- As a result of Defendant's violation of California Penal Code, sections 630, *et seq.*, Plaintiff seeks statutory damages of $5,000.00 pursuant to California Penal Code § 637.2(a);
- Reasonable attorneys' fees pursuant to, *inter alia*, Cal. Code of Civ. Proc. § 1021.5;
- An award of costs;
- Any other relief the Court may deem just and proper including interest.

**TRIAL BY JURY**

53. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff and Class Members are entitled to, and demand, a trial by jury.

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

Date: September 24, 2018

By: /s/ Abbas Kazerounian
Abbas Kazerounian, Esq.
ak@kazlg.com
*Attorney for Plaintiff*

**Additional Plaintiff's Counsel:**

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Yana A. Hart, Esq. (SBN: 306499)
yana@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

**ABIR COHEN TREYZON SALO, LLP**
Aaron M. Lavine, Esq. (SBN: 260277)
alavine@actslaw.com
1901 Avenue of the Stars, Suite 935
Los Angeles, CA 90067
Telephone:  310. 407.7888
Facsimile:  424.288.4368